# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2012

Lyle W. Cayce
Clerk

No. 11-60455
Summary Calendar

SAIYADALI ALIKHAN MAKNOJIA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 936 018

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Indian national Saiyadali Alikhan Maknojia petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the immigration judge's (IJ) order of removal. Maknojia contends he was entitled to withholding of removal, maintaining: the IJ erred by making an adverse credibility determination; the IJ did not correctly apply the law to the facts in determining Maknojia had not shown past persecution on account of his religion or political opinion; and his testimony established he cannot relocate safely to another part of India. (Maknojia's claims for asylum and for relief under the Convention

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Against Torture will not be considered as he failed to exhaust them before the BIA.  8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) ("An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA—either on direct appeal or in a motion to reopen.") (internal quotation marks omitted).)

Our court reviews the decision of the BIA and will consider the IJ's underlying decision only if it influenced the BIA's determination.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Fact findings, including the finding that an alien is not eligible for withholding of removal, are reviewed for substantial evidence.  *Id.* A fact finding will not be reversed unless "the evidence was so compelling that no reasonable factfinder could conclude against it".  *Id.* at 537.

The claimed adverse credibility determination by the IJ need not be reviewed because the BIA determined the IJ did not make an explicit adverse credibility finding.  Maknojia waives, by failure to brief, any challenge to the BIA's determination that he failed to carry his burden of proof by failing to provide reasonably available corroborative evidence.  *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  Because this finding was dispositive, Maknojia's waiver of the issue defeats his petition for review.

Even had Maknojia challenged the BIA's finding that he failed to present reasonably available corroborative evidence, such a contention would be without merit because the record supports that finding.  There is nothing in the record to indicate that the objective evidence suggested by the BIA, including proof of his political activities, medical records, and election data, was not reasonably available to him or his family members still living in India.  To the contrary, Maknojia admitted that he could have obtained a letter attesting to his political activities, and he opined that election data would have been readily available on the internet.

DENIED.